# PLAINTIFF'S APPENDIX A

## GUARANTEED STUDENT LOAN PROMISSORY NOTE

### I. DISCLOSURE OF CHARGES AND DISPOSITION OF LOAN PROCEEDS

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you<br>☐ may  ☒ will not  have to pay a penalty.<br>☐ may  ☒ will not  be entitled to a refund of part of the finance charge. |
| Prior to repayment: 2.47%  During repayment: 9.00% | $ 2314.06 | See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2314.06

Loan Amount $ 2500.00    Less: Prepaid Finance Charge $ 185.94    Equals: Amount paid to you $ 2314.06

Includes:  Guarantee Fee  $ 60.94
Origination Fee $ 125.00   ( 5.0 % of Loan Amount)

**Disbursement Schedule:**

| Disbursement | Estimated Date of Disbursement | Gross Disbursement Amount | (less) Prepaid Finance Charge Guarantee Fee | Origination Fee | Amount Disbursed to You |
|---|---|---|---|---|---|
| 1st Disbursement | 09/29/83 | $ 2500.00 | $ 60.94 | $ 125.00 | $ 2314.06 |
| 2nd Disbursement | | $ | $ | $ | $ |
| 3rd Disbursement | | $ | $ | $ | $ |

### II. PROMISE TO PAY

I, **Henry J. Elliott**, promise to pay to the order of **Citibank (NYS) NA Fairport NY** (hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance at the rate of **Nine** percent ( 9 %) per annum. I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the U.S. Department of Education (a) during the period I am in school, (b) during the grace period described in Section IV below, and (c) during the time my loan payments are deferred as allowed by Section V below.
3) The Guarantee Fee which will be deducted from the proceeds of my loan check at the time of the initial disbursement. This charge is not subject to refund except the amount(s) attributable to any disbursement I do not receive.
4) The Origination Fee which may be deducted from the proceeds of the loan.

### III. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Subchapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, Federal regulations adopted under the Act, and the Rules and Regulations of the HEAF.

### IV. REPAYMENT

1) I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period will be **6** months beginning when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.
2) I will repay this loan within 15 years of the date this loan is made, over a repayment period that lasts at least 5 years. At the lender's option, I may receive up to 10 years to repay. However, the following exceptions to these rules apply:
A) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B) The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I have loans guaranteed under the Act outstanding, I pay toward principal and interest at least $600 or the unpaid balance of the total amount owing to all holders of my guaranteed loans, whichever is less. If I am married, I understand that the total for me and my spouse's payment must be at least $600.
C) Any period described in Section V or Section VI of this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.
5) At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note plus accrued interest thereon. In the event of prepayment

and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### V. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section IV may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant Federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### VI. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different than a Deferment of Repayment (Section V) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

### VII. ACCELERATION & DEFAULT

In the event any one or more of the below listed events occur, the lender will consider me in default:
1) Failure to make any payment when due.
2) Making any representation relative to obtaining this loan knowing it was false.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.
Upon my default, the lender may declare the following amounts immediately due and payable:
1) The entire unpaid principal balance of this Promissory Note;
2) The entire amount of unpaid interest on this Promissory Note;
3) Late charges; and
4) To the extent allowed by law, all costs of collection, including reasonable attorneys' fees.
Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to the HEAF. I will then be required to pay the HEAF all amounts owed.

### NOTICE TO BORROWER

(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.
(e) HEAF, THE U.S. DEPARTMENT OF EDUCATION, OR THE LENDER MAY REPORT THE STATUS OF THIS LOAN TO A CREDIT BUREAU. THEREFORE, IN ORDER TO MAINTAIN A GOOD CREDIT RATING, IT IS TO YOUR BENEFIT TO COMPLY WITH ALL THE TERMS AND CONDITIONS OF THE LOAN.

_____
BORROWER'S SIGNATURE    /s/ Henry J. Elliott Jr.    DATE

BORROWER'S NAME AND ADDRESS:
Henry J. Elliott
2425 Shaw
Dallas TX 75212

The foregoing instrument was acknowledged before me this ___ day of Sept., 19 83.

_____
Notary Public

INDORSER'S SIGNATURE (IF ANY)    DATE
The above signed accommodation party signs this Promissory Note in the capacity of an indorser under the Uniform Commercial Code. As such, the undersigned hereby waives demand, presentment, protest, and notice of protest, and acknowledges and agrees that the lender may defer against the undersigned notwithstanding deferment of payment in accordance with Section V of this Note, or modification of repayment terms in accordance with Section VI of this Note.  B&H SCHOLUS  7/29/83

LENDER'S ORIGINAL - PLEASE RETURN

Form 206, 7/82 (ED-888 5/82)

001

Lender Use Only

___/___,___/___/___

I understand that Section IV may be provided I comply w circumstances:

1. While I am enrolle

   A. Full-time stud United States a

   B. Full-time study the Federal Go

   C. A graduate fell

   D. A rehabilitation

2. For periods not exc

   A. On active duty of the United St

   B. Serving as a Peac

   C. Serving as a full programs) (e.g.,

   D. Serving as a full 501 (c)(3) of t comparable to ser

   E. Temporarily tot employment bec established by affi_____ of a qualified physician.

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any right, that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

By ___*[signature]*___
   Thomas M. Ilecki
Its __Citibank Student Loan Center__
         (Manager)

By _____
Its _____
Date __9/11/86__

am required to make under the repayment period begins, ing the GSLP in any of these

a citizen or national of the

is operated by an agency of

ry of Education.

n the Commissioned Corps

e Act of 1973 (ACTION

e taxation under Section cation has determined

an, or unable to secure spouse who is temporarily totally disabled, as

3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education determined is necessary for me to gain professional recognition required to begin professional practice or service

4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

## MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in ac ...dance with the terms established under Section IV, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following:

1) A short period in which payments are waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

I understand that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## TRANSFERENCE OF OWNERSHIP

If the lender transfers (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the party to which my loan was sold.

84136370     06134-02

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

## I. DISCLOSURE OF CHARGES AND DISPOSITION OF LOAN PROCEEDS

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |
| Prior to repayment / During repayment | | ☐ may ☒ will not have to pay a penalty.<br>☐ may ☒ will not be entitled to a refund of part of the finance charge. |
| 5.35 % / 9.00 % | $ 2353.12 | See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2353.12

Loan Amount $ 2500.00    Less: Prepaid Finance Charge $ 146.88    Equals: Amount paid to you $ 2353.12

Includes:   Guarantee Fee $ 21.88

Origination Fee $ 125.00    ( 5.0 % of Loan Amount)

### Disbursement Schedule:

| Disbursement | Estimated Date of Disbursement | Gross Disbursement Amount | (less) Prepaid Finance Charge | | Amount Disbursed to You |
|---|---|---|---|---|---|
| | | | Guarantee Fee | Origination Fee | |
| 1st Disbursement | 07/16/84 | $ 2500.00 | $ 21.88 | $ 125.00 | $ 2353.12 |
| 2nd Disbursement | | $ | | $ | $ |
| 3rd Disbursement | | $ | | $ | $ |

## II. PROMISE TO PAY

I, **Henry J. Elliott**, promise to pay to the order of **Citibank (NYS) NA Fairport NY**

(hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance at the rate of **Nine** percent( **9** ) per annum; I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the U.S. Department of Education (a) during the period I am in school, (b) during the grace period described in Section V below, and (c) during the time my loan payments are deferred as allowed by Section V below.
3) The Guarantee Fee which will be deducted from the proceeds of my loan check at the time of the initial disbursement. This charge is not subject to refund except the amount(s) attributable to any disbursement I do not receive.
4) The Origination Fee which may be deducted from the proceeds of the loan.

### III. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Subchapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, Federal regulations adopted under the Act, and the Rules and Regulations of the HEAF.

### IV. REPAYMENT

1) I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period will be **6** months beginning when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.
2) I will repay this loan within 15 years of the date this loan is made, over a repayment period that lasts at least 5 years. At the lender's option, I may receive up to 10 years to repay. However, the following exceptions to these rules apply:
   A) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B) The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I have loans guaranteed under the Act outstanding, I pay toward principal and interest at least $600 or the unpaid balance of the total amount owing to all holders of my guaranteed loans, whichever is less. If I am married, I understand that the total for me and my spouse's payment must be at least $600.
   C) Any period described in Section V or Section VI of this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.
5) At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note plus accrued interest thereon. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### V. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section IV may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant Federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### VI. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different than a Deferment of Repayment (Section V) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

### VII. ACCELERATION & DEFAULT

In the event any one or more of the below listed events occur, the lender will consider me in default:
1) Failure to make any payment when due.
2) Making any representation relative to obtaining this loan knowing it was false.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I: (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

Upon my default, the lender may declare the following amounts immediately due and payable:
1) The entire unpaid principal balance of this Promissory Note;
2) The entire amount of unpaid interest on this Promissory Note;
3) Late charges; and
4) To the extent allowed by law, all costs of collection, including reasonable attorneys' fees.

Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to the HEAF. I will then be required to pay the HEAF all amounts owed.

### NOTICE TO BORROWER

(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.
(e) HEAF, THE U.S. DEPARTMENT OF EDUCATION, OR THE LENDER MAY REPORT THE STATUS OF THIS LOAN TO A CREDIT BUREAU. THEREFORE, IN ORDER TO MAINTAIN A GOOD CREDIT RATING, IT IS TO YOUR BENEFIT TO COMPLY WITH ALL THE TERMS AND CONDITIONS OF THE LOAN.

BORROWER'S NAME AND ADDRESS: Henry J. Elliott, 2425 Shaw, Dallas TX 75212

BORROWER'S SIGNATURE: /s/ Henry J. Elliott    DATE: 06-06-84

The foregoing instrument was acknowledged before me this **6th** day of **June**, 19**84**

By **Henry J. Elliott** /s/ [Notary signature]
    Name of Maker     Notary Public

INDORSER'S SIGNATURE (IF ANY): _____ DATE: _____

The above named accommodation party signs this Promissory Note in the capacity of endorser within the meaning of the Uniform Commercial Code. As such, the undersigned hereby waives demand, presentment, protest, and notice of protest, and acknowledges and agrees that the lender is expressly permitted to act against the undersigned notwithstanding deferment of payment in accordance with Section V of this Note, or modification of repayment terms in accordance with Section VI of this Note.

LENDER'S ORIGINAL COPY

HEAF Form 206, 7/82 (ED-689 5/82)

003

Lender Use Only
Actual Disbursement Date(s)
___/___/___, ___/___/___, ___/___/___

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section IV may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

1. While I am enrolled in:—
   A. Full-time study at a school that is [...] citizen or national of the United States and [...]
   B. Full-time study [...] operated by an agency of the Federal Gove[...]
   C. A graduate fellow[...]
   D. A rehabilitation t[...] of Education.

2. For periods not exceed[...]
   A. On active duty in [...] of the United State[...] Commissioned Corps [...]
   B. Serving as a Peace C[...]
   C. Serving as a full-tim[...] of 1973 (ACTION programs) (e.g., VIST[...]
   D. Serving as a full-tim[...] cation under Section 501 (c)(3) of the In[...] has determined is comparable to service [...]
   E. Temporarily totally [...] unable to secure employment because [...] totally disabled, [...] established by affidavit [...]

3. For a period not exceedin[...] of Education has determined is necessary for [...] ractice or service [...]

4. For a single period not exc[...] to find full-time employment in the United St[...]

To be granted a deferment, I m[...] ist subsequently notify the lender as soon as the c[...]

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement

_[signature]_ Thomas M. Ilecki
By _____
Its _____ Citibank Student Loan Center
    (Manager)

By _____
Its _____
Date 9/11/86

[...] Section IV, I may [...] allow any of the following [...]
JUN 1 1 1984
JUN 1 1 1984

If I am unable to repay this loa[n...] lender to modify these terms. The [...]
1) A short period in which payme[nts are] waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

I understand that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## TRANSFERENCE OF OWNERSHIP

If the lender transfers (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the party to which my loan was sold.

## DEPARTMENT OF DEFENSE AUTHORIZATION ACT OF 1981 (P.L. 96-342)

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense in accordance with Section 902 of the Department of Defense Authorization Act of 1981 (10 U.S.C. 2141 note). Questions concerning the program should be addressed to: Commander, Military Personnel Center, DAPC-PLP, Alexandria, Virginia 22332.

004

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

**Lender**

## A. DISCLOSURE OF LOAN INFORMATION

#6878
Citibank (NYS) NA Fairport NY
900 Perinton Hills
Fairport, NY. 14450

My grace Period is __SIX__ months long, beginning the __MONTH__ I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

My Interest Rate is __NINE (9)__ %

| Disbursement Schedule | Estimated Date of Disbursement | Gross Disbursement Amount | Guarantee Fee | Origination Fee | Amount of the Loan Check(s) |
|---|---|---|---|---|---|
| 1st Disbursement | 12/28/85 | $ 2,500.00 | $ 15.63 | $ 125.00 | $ 2,359.37 |
| 2nd Disbursement | NONE | $ .00 | $ .00 | $ .00 | $ .00 |
| 3rd Disbursement | NONE | $ .00 | $ .00 | $ .00 | $ .00 |
| TOTALS | LOAN AMOUNT: | $ 2,500.00 | Less $ 15.63 | Less $ 125.00 | Equals $ 2,359.37 |

## B. PROMISE TO PAY

I, __Henry J. Elliott__, promise to pay to the order of __Citibank (NYS) NA Fairport NY__ (hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance. I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school, (b) during the grace period described in Section D below, and (c) during the times my loan payments are deferred as allowed by Section F below.
3) The Guarantee Fee which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months, the fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, but will, at the lender's option, be applied to my loan balance or be returned to me.
4) The Origination Fee which will be deducted from the proceeds of the loan. The fee may not exceed 5 percent of the Loan Amount. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

## C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The length of my grace period is identified above. The grace period begins when I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum or, the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.
4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years
5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, including a repayment schedule, that the lender will provide to me before the repayment period begins.

**BORROWER NAME AND ADDRESS**

#1877

Henry J. Elliott
2425 Shaw
Dallas, TX. 75212

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including, without limitation, submission of required forms to the lender.

## G. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from a Deferment (Section F) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## H. ACCELERATION & DEFAULT

If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due.
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified at my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

If I fail to make any payment when due, I will also pay all charges and other costs — including attorney's fees — that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may enforce this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed.

## I. CREDIT BUREAU NOTIFICATION

If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to credit bureau organizations.

## J. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

**NOTICE TO BORROWER**
a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

_Henry J Elliott_     02-11-83
Borrower Signature     Date

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
Endorser Address, City, State & Zip Code

The above signed indorser signs this Promissory Note in the capacity of an accommodation party within the meaning of the Uniform Commercial Code. As such, the indorser hereby waives presentment for payment, notice of nonpayment, protest, and notice of protest and acknowledges and agrees that the lender has expressly reserved its rights against the indorser notwithstanding any deferment in accordance with Section F of this note or modification of terms in accordance with Section G of this Note of which the indorser may not have notice.

HEAF Form 207, 03/84     6174 03     4343     LENDER'S ORIGINAL—FLEAS     005

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section D may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, because of circumstances listed b[elow ... ...]th in the regulations governing the GSLP:

1. While I am enrolled in –

   A. Full-time study at a school [...] schools outside of the U.S.)

   B. Full-time study at an instit[ution ...] the Federal Government (e.[g. ...]

   C. A graduate fellowship progr[am ...]

   D. A rehabilitation training pr[ogram ...]

2. For periods not exceeding 3 ye[ars ...]

   A. On active duty in the Arm[ed Forces ...] of the United States Public [Health Service ...]

   B. Serving as a Peace Corps Vo[lunteer ...]

   C. Serving as a full-time volu[nteer ...] programs) (e.g., VISTA);

   D. Serving as a full-time volu[nteer ...] 501 (c)(3) of the Internal [Revenue Code ...] performed in the Peace Cor[ps ...]

   E. Temporarily totally disabl[ed ...] employment because I am [...] established by an affidavit [...]

3. For a period not exceeding 2 y[ears ...] recognition required to begin p[...]

4. For a single period not excee[ding ...] employment in the United Stat[es ...]

To be granted a deferment, I mu[st ...] notify the lender as soon as the condition for which the deferment was granted no longer exists.

---

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:

   a) no defense of any party is good against the undersigned; and

   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:

   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and

   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

By _Thomas M. Hecki_    By _____

Its _Citibank Student Loan Center_   Its _____

(Manager)    Date _9/11/86_

---

[...]ais may attend [...] by an agency of [...] tion. [...] missioned Corps [...] 1973 (ACTION [...] under Section [...] rable to service [...] nable to secure [...] ally disabled, as [...] ain professional [...] o find full-time [...] ist subsequently

## MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following:

1) A short period of time in which payments are waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

I understand that I will remain responsible for payment of interest during this period which the lender [may]
(a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan [...]

## REPAYMENT BY DEPARTMENT OF DEFENSE

Under certain circumstances, military personnel may have their loans repaid by the Secr[etary of Defense in] accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-3[42, 10 U.S.C. 2141] note.)

Questions concerning the program should be addressed to the local Service recruiter. The progra[m is designed as a] recruiting program and does not pertain to prior service individuals or those not eligible for enlist[ment in the] Armed Forces.

006