UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )      CIVIL ACTION NO.
VS.                                  )
                                     )      3:06-CV-1625-G
HENRY J. ELLIOTT,                    )
                                     )            **ECF**
            Defendant.               )


## MEMORANDUM OPINION AND ORDER


Before the court is the motion by the plaintiff the United States of America

("the Government" or "the plaintiff") for summary judgment.  For the reasons stated

below, the motion is granted.

## I.  BACKGROUND

This action stems from the defendant Henry J. Elliott ("Elliott" or "the

defendant")'s default on certain federally guaranteed student loans.  Elliott, while a

student at the Devry Institute of Technology, applied for three Guaranteed Student

Loans ("GSL loans"), each in the amount of $2,500.00, with the Higher Education

Assistance Foundation.  *See* Guaranteed Student Loan Promissory Note, Sept. 12,

1983 ("November GSL Note"), *attached to* Appendix to United States' Memorandum

Brief in Support of Motion for Summary Judgment ("Appendix"), *at* Tab A;

Guaranteed Student Loan Promissory Note, June 6, 1984 ("June GSL Note"),

*attached to* Appendix, *at* Tab A; Guaranteed Student Loan Promissory Note, Feb. 11,

1985 ("February GSL Note"), *attached to* Appendix, *at* Tab A.  Elliott financed the

GSL loans through Citibank (NYS), N.A., Fairport, NY ("Citibank") and executed

promissory notes in connection with the loans on September 13, 1983, June 6, 1984,

and February 11, 1985, respectively. See *id.*

Elliott defaulted on the GSL loans.  On September 12, 1986, Citibank filed a

claim with the Higher Education Assistance Foundation. *See* Certificate of

Indebtedness [GSL Loans], *attached to* Appendix, *at* Tab D.  The claim was paid in the

amount of $7,993.44. See *id.*  The Higher Education Assistance Foundation was not

able to collect the full amount due and on April 15, 1993, assigned its right and title

to the promissory notes to the Department of Education ("the DOE").  See *id.*  The

Government has not received any payment on this debt.  See *id.*  In connection with

the GSL loans, Elliott owed the Government $21,527.85 ($7,993.00 in principal plus

$13,534.85 in interest) as of November 30, 2006, with interest accruing at a rate of

$1.97 per day. *See* Affidavit of Amount Due, Nov. 2, 2006 ("Creamer Affidavit") at

2, *attached to* Appendix, *at* Tab C.

Also while a student at Devry Institute of Technology, Elliott applied for two National Direct Student Loans ("NDSL loans") each in the amount of $750.00.  *See* Promissory Note, Nov. 17, 1987 ("NDSL Note"), *attached to* Appendix, *at* Tab B. Elliott financed the NDSL loans through DeVry, Inc. ("DeVry") and received the proceeds of the NDSL loans on December 7, 1983, and April 23, 1984, respectively. See *id.*  Elliott defaulted on the NDSL loan obligations on April 9, 1986.  *See* Certificate of Indebtedness [NDSL Loans], *attached to* Appendix, *at* Tab D.  DeVry filed a claim with the DOE, which was paid on November 17, 1987, in the amount of $1,522.40.  See *id.*  DeVry assigned its right and title to the promissory note to the DOE.  See *id.*  As with the GSL loans, the DOE has not received any payment on this debt.  See *id.*  In connection with the NDSL loans, Elliott owed the Government $2,967.03 ($1,427.63 in principal plus $1,452.40 in interest and $87.00 in costs) as of November 30, 2006, with interest accruing at a rate of $.20 per day. *See* Creamer Affidavit at 1.

The complaint was filed on September 5, 2006.  Docket Sheet.  Elliott filed a handwritten answer on October 26, 2006.  *Id.*  The court assumes from this filing that Elliott intended to proceed *pro se* in his case.  In the answer, Elliott requested that the court forgive the loans set forth above and asserted that he was unable to make payments on the indebtedness due to certain medical conditions.  *See* Answer at

2-4.  The instant motion for summary judgment was filed on November 2, 2006.

Docket Sheet.  No response has been filed by Elliott.

## II.  ANALYSIS

### A.  Legal Standard for Summary Judgment

Summary judgment is proper when the pleadings and evidence before the court show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); see also *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).  The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

While all of the evidence must be viewed in a light most favorable to the nonmovant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's summary judgment burden.  *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citing *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

The movant makes the necessary showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex*, 477 U.S. at 323.  The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  FED. R. CIV. P. 56(c).

If the movant makes the required showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.  To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.  When conflicting evidence is presented, the court is not permitted to make credibility determinations regarding the evidence.  See *Lindsey v. Prive Corporation*, 987 F.2d 324, 327 (5th Cir. 1993).  The nonmovant cannot survive a motion for summary judgment, however, by merely resting on the allegations in his pleadings.  *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); see also *Celotex*, 477 U.S. at 324.

B.  Elements to Recover on a Promissory Note

To recover on a note, the plaintiff must prove that (1) the defendant signed the note; (2) the plaintiff is the present owner or holder of the note; and (3) the note is in default.  *Federal Deposit Insurance Company v. McCrary*, 977 F.2d 192, 194 n. 5 (5th Cir. 1992).  Because there is no genuine issue as to any material fact with regards to these three elements, summary judgment in favor of the Government is granted.

As to the first element -- that the defendant signed the note -- the government has provided the court with copies of the promissory notes signed by Elliott.  *See* November GSL Note; June GSL Note; February GSL Note; NDSL Note. "[C]ommercial paper, signatures thereon, and documents related thereto [are self-authenticating] to the extent provided by general commercial law."  FED. R. EVID. 902(9); *Interfirst Bank of Abilene, N.A. v. Lull Manufacturing*, 778 F.2d 228, 234 (5th Cir. 1985).  General commercial law provides that the authenticity of a signature on an instrument is admitted unless it is specifically denied in the pleadings.  *See* U.C.C. § 3-308(a) (2002); TEX. BUS. & COMM. CODE ANN. § 3.308(a) (Vernon 2002).  At no point has Elliott challenged the authenticity of his signature on the notes.  In fact, Elliott's answer tacitly admits that he executed those notes.  *See generally* Answer.

The government provided the court with two certificates of indebtedness to satisfy the second element -- that the government is the present holder of the notes.

- 6 -

*See* Certificate of Indebtedness [GSL Loans]; Certificate of Indebtedness [NDSL Loans].  As described in more detail above, the certificates of indebtedness demonstrate that following Elliott's default on the loans, the DOE made payment as either the primary or secondary guarantor on the loans and all right and title to the loans were assigned to the DOE.  There is no evidence before the court contesting the Government's status as holder of the notes.

Finally, all of the evidence before the court indicates that Elliott is in default on the various loans.  See *id.*; Creamer Affidavit.  Again, Elliott's answer tacitly admits that he is in default.

There is no genuine dispute regarding the amount of damages.  Elliott's principal balance on the GSL Loans is $7,993.00.  *See* Creamer Affidavit at 2; Answer at 1.  The interest due as of November 30, 2006 is $13,534.85.  *See* Creamer Affidavit at 2.  The daily rate of interest on the principal is $1.97 per day.  *Id.*  Since November 30, 2006 to the date of this memorandum order and opinion, an additional $37.43 has accrued.  Thus the total amount owed on the GSL loans is $21,565.28.  As to the NDSL loans, the principal balance is $1,427.63.  *Id.* at 1.  The interest on these loans as of November 30, 2006 is $1,452.40; there is an additionally $87.00 in fees/costs owing on the NDSL loans.  *Id.*  The daily interest rate on the NDSL loans is $.20.  *Id.*  Since November 30, 2006 to the date of this memorandum order and opinion, an additional $3.80 in interest has accrued.  Thus,

the total amount owed on the NDSL loans is $2,970.83.  Accordingly, the total amount owed on all loans as of the date of this memorandum order and opinion is $24,536.11.  Post-judgment interest on this amount shall accrue at the rate prescribed by law.

### III.  <u>CONCLUSION</u>

For the above stated reasons, the plaintiff's motion for summary judgment is **GRANTED**.  Judgment in conformity with the opinion will be entered for the plaintiff.

**SO ORDERED**.

December 19, 2006.

A. JOE FISH
CHIEF JUDGE